# In the United States Court of Federal Claims

No. 15-415L
(Filed: December 12, 2016)

| | |
|---|---|
| CARPENTER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Rails-to-Trails; Fifth Amendment |
| | ) Takings; Arkansas Law; Property |
| THE UNITED STATES, | ) Interest Conveyed; Easements versus |
| | ) Fees; Multifactor Test; Partial |
| Defendant. | ) Summary Judgment |
| | ) |
| | ) |

*Steven M. Wald*, St. Louis, MO, for plaintiffs. *Michael J. Smith*, St. Louis, MO, and *Thomas S. Stewart* and *Elizabeth G. McCulley*, Kansas City, MO, of counsel.

*Jacqueline C. Brown*, Environment and Natural Resources Division, United States Department of Justice, with whom was *John C. Cruden*, Assistant Attorney General, for defendant.

## OPINION ON CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT

**FIRESTONE**, *Senior Judge*.

Pending before the court in the above-captioned rails-to-trails case are cross-motions for partial summary judgment filed pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC") by plaintiffs Joy Mayer, Wadena Sue Ramsey, Johnny Ray Ramsey, Roger Dean Ramsey, Ronnie E. Ramsey, Ronda R. May, Dan Reber and Lisa Reber, and Cindy M. Pruss ("plaintiffs") and by defendant the United States ("the government").  Plaintiffs all own land in Pulaski County, Arkansas.

At issue in this case is whether the creation of a recreational trail resulted in a Fifth Amendment taking of plaintiffs' land.

Plaintiffs claim that they are entitled to compensation under the Tucker Act, 28 U.S.C. § 1491, and the Fifth Amendment based on the issuance of a Notice of Interim Trail Use by the Department of Transportation's Surface Transportation Board authorizing the conversion of a railroad corridor running across their properties to a recreational trail pursuant to the National Trails Systems Act, as amended, 16 U.S.C. § 1247(d) ("the Trails Act").  Plaintiffs claim that they own the land underlying the railroad corridor and that the government deprived them of regaining use of their property unencumbered by railroad easements when the Surface Transportation Board issued a Notice of Interim Trail Use in November 2010.  Plaintiffs argue that the Notice of Interim Trail Use gave rise to a taking of their property without just compensation, in contravention of the Fifth Amendment.

This case turns on the interpretation of three deeds plaintiffs' predecessors in interest conveyed to the Missouri Pacific Railroad Company.  The only question before the court in the pending motions is whether, under Arkansas law, each of the deeds conveyed a fee or an easement to the railroad.  Plaintiffs argue that under Arkansas law each deed conveyed only an easement to the railroad and thus the government took their land when the corridor was converted to a trail.  The government argues that under Arkansas law the deeds conveyed a fee and therefore the conversion of the railroad corridor to a trail did not take any of plaintiffs' property.

For the reasons discussed below, the court concludes that plaintiffs have the better reading of Arkansas law and therefore plaintiffs' motion for partial summary judgment is **GRANTED**. The government's cross-motion for partial summary judgment is **DENIED**.

## I.   BACKGROUND

### A.   Statutory Background

The Trails Act is discussed in many cases and relevant provisions are briefly summarized below. The Surface Transportation Board has "exclusive and plenary authority over the construction, operation, and abandonment of most of the nation's rail lines." *Rogers v. United States*, 814 F.3d 1299, 1303 (Fed. Cir. 2015) (citing *Caldwell v. United States*, 391 F.3d 1226, 1228 (Fed. Cir. 2004)). If a railroad proposes to abandon a rail line, then a state, political subdivision, or qualified private organization may request to use the corridor for interim trail use and "rail banking" under section 1247(d). *See* 49 C.F.R. § 1152.29(a). If the railroad agrees to negotiate with the proposed trail operator, the Surface Transportation Board will issue a Notice of Interim Trail Use. *Id.* § 1152.29(d). A Notice of Interim Trail Use suspends the abandonment of a rail corridor by a railroad and preserves the corridor for future railroad use. *Rogers*, 814 F.3d at 1303 (citing 49 C.F.R. § 1152.29(d); *Barclay v. United States*, 443 F.3d 1368, 1373 (Fed. Cir. 2006)). Because the corridor is not abandoned but is instead converted to a new use, the Federal Circuit has found that "[t]he government must provide just compensation under the Fifth Amendment Takings Clause if the issuance of a [Notice of Interim Trail Use] results in the taking of private property." *Id.* (citing *Whispell Foreign Cars, Inc. v.*

*United States*, 97 Fed. Cl. 324, 330 (Fed. Cl. 2011)). A taking arises when the property underlying the corridor is not returned to the owners of the property. Therefore, in order to establish a Fifth Amendment taking, a private party must demonstrate a valid interest in the property at issue. *Id.* (citing *Wyatt v. United States*, 271 F.3d 1090, 1096 (Fed. Cir. 2001)).

**B.    Factual Background**

As noted above, plaintiffs' Fifth Amendment takings claims are based on three deeds plaintiffs' predecessors in interest conveyed to the Missouri Pacific Railroad Company in 1917 and 1919. The rail line was eventually transferred to the Union Pacific Railroad Company, which operated rail service along the corridor until some years before 2010. *See* Def.'s Mot. 6, Ex. 1.

On August 11, 2010, the City of North Little Rock in Pulaski County, Arkansas, filed a request for a Notice of Interim Trail Use to the Surface Transportation Board in order to negotiate with the Union Pacific Railroad for the acquisition of the corridor for use as a trail under the Trails Act and 49 C.F.R. § 1152.29. *See* Pl.'s Mot. Exs. B, C. On November 19, 2010, the Surface Transportation Board issued a Decision and Notice of Interim Trail Use. *See* Pl.'s Mot. Ex. C.

**1.    The Heim Deed**

The claims of plaintiffs Joy Mayer, Wadena Sue Ramsey, Johnny Ray Ramsey, Roger Dean Ramsey, Ronnie E. Ramsey, and Ronda R. May are based on the below-quoted deed, dated December 10, 1917, issued by Adolph and Barbara Heim to the Missouri Pacific Railroad Company ("the Heim deed"):

4

Right of Way Deed

Know all men by these Presents.  That we, Adolph Heim and Barbara Heim, his wife, for and in consideration of the sum of Fifteen Hundred ($1500.00) Dollars, to us cash in hand paid by the Missouri Pacific Railroad Company, do hereby grant, bargain, sell and convey unto the said Missouri Pacific Railroad Company, and unto its successors and assigns forever, a strip of land seventy (70) feet in width for a right of way over, across and upon the following described land situated in Pulaski County, State of Arkansas, to-wit:

The Northwest quarter (1/4) of the Southwest quarter (1/4) of section fourteen (14), in Township Two (2) North, Range twelve (12) west; and also a strip of land sixty (60) feet in width for a right of way over and upon the following described land in Pulaski County, Arkansas, to-wit:

All that part of Lots One (1) and two (2) east of the Little Rock and Batesville turnpike in the northeast corner of the northeast Quarter (1/4) of the northeast quarter (1/4) of section . . . , in township two (2) North, range 12 west;

Said strip of land to be used as a right of way by the Missouri Pacific Railroad Company, its successors and assigns on and across said lands as the same as now constructed and in operation on and across said tracts of land, with a right to change water courses and to take stone, gravel and timber, and to borrow earth on said rights of way for the construction and maintenance of said railroad.

And in consideration of the said sum of money we do hereby acknowledge the receipt of us is full of all compensation and satisfaction for property taken, and damage done by reason of the location and construction of said railroad. . . .

T[o] have and to hold the same unto the said Missouri Pacific Railroad Company and unto its successors and assigns forever, with all appurtenances thereunto belonging.

And we do hereby covenant with the Missouri Pacific Railroad company that we will forever warrant and defend the title to said rights of way against the claims of all persons whatsoever:

And I, the said Barbara Heim, wife of the said Adolph Heim, for and in consideration of the said sum of money, do hereby unite with my husband and in the execution of this deed and do also hereby convey,

release and relinquish unto the said Missouri Pacific Railroad Company all
my rights of dower and homestead in and to said granted premises. . . .

**2.      The Addie Fountain Deed**

The claims of plaintiffs Dan Reber and Lisa Reber are based on the below-quoted

deed, dated February 5, 1919, issued by Addie Fountain to the Missouri Pacific Railroad

Company ("the Addie Fountain deed"):

RIGHT OF WAY DEED

Know all men by these presents: That I, Mrs. Addie Fountain
(widow) for and in consideration of the sum of One hundred ($100.00)
dollars to me cash in hand paid by the Missouri Pacific Railroad Company,
and in consideration of the benefits to accrue to me from the construction of
a railroad over and across the lands herein mentioned, do hereby grant,
bargain, sell and convey unto the said Missouri Pacific Railroad Company,
and unto its successors and assigns forever, a strip of land one hundred
(100) feet wide, being fifty (50) feet on each side of the center of the
railroad track as now constructed upon and across the following described
real estate lying in the county of Pulaski and state of Arkansas, to-wit:

The Northwest quarter of the north east quarter of section fourteen
(14), township Two (2) North Range (12) west, containing (40) acres.

Said strip of land to be used as a right of way by the Missouri Pacific
Railroad Company, its successors and assigns, on and across said lands as
the same is now constructed and in operation on and across the above
described land, with a right to change water courses and to take stone,
gravel and timber, and to borrow earth on said right way for the
construction and maintenance of said railroad.

And in further consideration of the premises, I do hereby
acknowledge receipt by me in full of all compensation and satisfaction for
property taken or to be taken and damages done or to be done by reason of
the location and construction of said railroad, including all damage done to
said property by the contractor and his employees while constructing said
railroad.

TO HAVE AND TO HOLD the same unto the said Missouri Pacific
Railroad Company, and unto its successors and assigns forever with all
appurtenances thereunto belonging.

And I do hereby covenant with the Missouri Pacific Railroad company that I will forever warrant and defend the title to said right of way against the claims of all persons whomsoever. . . .

3.      **The Adeline Fountain Deed**

The claims of plaintiff Cindy M. Pruss are based on the below-quoted deed, dated

February 5, 1919, issued by Adeline Fountain to the Missouri Pacific Railroad Company

("the Adeline Fountain deed"):

## RIGHT OF WAY DEED

KNOW ALL MEN BY THESE PRESENTS: That I, Mrs. Adeline Fountain (widow) for and in consideration of four hundred ($400.00) dollars to me cash in hand paid by the Missouri Pacific Railroad Company, and in consideration of the benefits to accrue to me from the construction of a Railroad over and across the lands herein mentioned, do hereby grant, bargain, sell and convey unto the said Missouri Pacific Railroad Company, and unto its successors and assigns forever, a strip of Land one hundred (100) feet wide, being fifty (50) feet on each side of the center of the railroad track as now constructed upon and across the following described real estate lying in the county of Pulaski and state of Arkansas, to-wit:

The south half of the south east quarter section eleven (11), Township Two (2) North range twelve (12) west, containing eighty (80) acres.

Said strip of land to be used as a right of way by the Missouri Pacific Railroad Company, its successors and assigns on and across said lands as the same is now constructed and in operation on and across the above described land, with a right to change water courses and to take stone, gravel and timber, and to borrow earth on said right of way for the construction and maintenance of said rail road.

And in further consideration of the premises I do hereby acknowledge receipt by me in full of all compensation and satisfaction for property taken or to be taken, and damage done or to be done by reason of the location and construction of said railroad, including all damage done to said property by the contractor and his employees while constructing said railroad.

To have and to hold the same unto the said Missouri Pacific Railroad
Company, and unto its successors and assigns forever, with all
appurtenances thereunto belonging.

And I do hereby covenant with the Missouri Pacific Railroad
Company that I will forever warrant and defend the title to said right of way
against the claims of all persons whomsoever. . . .

## C.   Procedural History

Plaintiffs filed their original complaint in this court on April 24, 2015, an amended

complaint on November 2, 2015 (ECF No. 10), and a second amended complaint on

March 1, 2016 (ECF No. 17).[1]  The parties filed joint stipulations of fact on June 23,

2016 (ECF No. 28) and amended joint stipulations of fact on July 21, 2016 (ECF No. 32).

Plaintiffs filed their motion for partial summary judgment on July 21, 2016 (ECF

No. 33).  The government filed its cross-motion for partial summary judgment on August

11, 2016 (ECF No. 35).  Plaintiffs filed their response to the government's cross-motion

and reply in support of their motion on September 1, 2016 (ECF No. 36) and the

government filed its reply in support of its motion on September 22, 2016 (ECF No. 37).

The parties have not requested oral argument and the court finds that oral

argument is not necessary.

## II.   JURISDICTION AND LEGAL STANDARD

The court has jurisdiction over this case under the Tucker Act, 28 U.S.C. § 1491,

which authorizes the court to hear "any claim against the United States founded either

---

[1] This case involves the same railroad line at issue in *Finch v. United States*, No. 12-92 (Fed. Cl.
filed Feb. 9, 2012), and *Huffman Living Trust v. United States*, No. 16-1178 (Fed. Cl. filed Sept.
21, 2016).

upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

Under RCFC 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The parties agree that the material facts of this case are not in dispute.  This case turns on interpretation of the three deeds at issue under Arkansas law.

## III.    DISCUSSION

The only disputed issue in this case is whether the Heim deed, the Addie Fountain deed, and the Adeline Fountain deed conveyed fees or easements to the Missouri Pacific Railroad Company.  Def.'s MSJ 8.

It is well-settled that in order to determine whether a compensable Fifth Amendment taking has occurred, the court must "analyze the property rights of the parties in a rails-to-trails case under the relevant state law."  *Rogers*, 814 F.3d at 1305-06 (citing *Preseault v. United States*, 100 F.3d 1525, 1543 (Fed. Cir. 1996) (en banc)).

Under Arkansas law, "all deeds shall be construed to convey a complete estate of inheritance in fee simple unless expressly limited by appropriate words in the deed." Ark. Code § 18-12-105.  In addition, Arkansas law provides that "[t]he words, 'grant, bargain and sell' shall be an express covenant to the grantee, his or her heirs, and assigns that the grantor is seized of an indefeasible estate in fee simple . . . unless limited by express words in the deed."  Ark. Code § 18-12-102.  The Arkansas Supreme Court has

9

found, however, that "although the use of grant, bargain and sell is the conveyance language used to warrant title and thus used to convey fee simple interests, that factor by itself does not require a finding of a fee simple." *Brewer & Taylor Co. v. Wall*, 769 S.W.2d 753, 756 (Ark. 1989) (citing *Daugherty v. Helena & Nw. Ry.*, 252 S.W.2d 546 (Ark. 1952)).  Rather, the Arkansas Supreme Court has identified a number of factors courts must consider to determine whether a deed conveys a fee or an easement. *See, e.g.*, *Nature Conservancy v. Kolb*, 853 S.W.2d 864, 868-69 (Ark. 1993) (citations omitted).  The Arkansas Supreme Court has noted that none of these factors is dispositive. *See id.*  Instead, the outcome turns on whether, when the factors are examined together, the court can discern the intent of the parties. *See id.*

First, the court must consider the title or form of the deed. *See id.* at 870 (citing *Brewer*, 769 S.W.2d at 756).  A deed entitled "Right of Way Deed" is more likely to have conveyed an easement unless the title is attributed to "a scrivener in the clerk's office." *Coleman v. Mo. Pac. R.R. Co.*, 745 S.W.2d 622, 624 (Ark. 1988).  In contrast, a "Quitclaim Deed" is more likely to have conveyed a fee. *See Nature Conservancy*, 853 S.W.2d at 870.

Second, the court must consider whether the interest in land is "for a right of way."  A deed is more likely to have conveyed an easement if it indicates that the purpose is for a right of way. *See Daugherty*, 252 S.W.2d at 547 ("[W]hen the grantor's intention is itself subject to question then the fact that he attempts to restrict the future use of the property becomes a factor in the interpretation of his deed.").  "[T]he general rule seems to be that if the deed purports to convey only a right-of-way, it does not convey the land

itself, but the fee remains in the grantor, and the railway company acquires a mere easement in perpetuity for railway purposes." *Chicago, R.I. & P.R. Co. v. Olson*, 262 S.W.2d 882, 884 (Ark. 1953) (quoting *St. Louis-S.F. Ry. Co. v. White*, 132 S.W.2d 807, 808 (Ark. 1939)).  However, a deed is less likely to have conveyed an easement if the deed uses the words "right of way" only as a description to facilitate identification of the tract conveyed.  *See Nature Conservancy*, 853 S.W.2d at 869-70 (citing *Brewer*, 769 S.W.2d at 753; *El Dorado & Wesson Ry. Co. v. Smith*, 344 S.W.2d 343 (Ark. 1961); *Daugherty*, 252 S.W.2d at 546)).

Third, if the shape of the tract, in particular a strip of land, makes other uses unlikely, the deed was more likely intended to convey an easement.  *See, e.g.*, *Brewer*, 769 S.W.2d at 755.

Fourth, the court must consider whether the deed gives the railroad company the right to borrow, remove, or otherwise affect water, earth, gravel, stone, or timber inside or outside the lands granted.  If the railroad is given the right to affect material inside or on the property granted, the court may infer that the deed conveyed an easement because "[i]f a fee simple had been intended it would have been unusual, it would have been almost absurd, to take the precaution of assuring the grantee that it could take its own stone and gravel and borrow its own earth." *Daugherty*, 252 S.W.2d at 548; *see also Brewer*, 769 S.W.2d at 756 (finding that a deed conveyed an easement where the deed granted the railroad the right to affect land inside the right of way and up to 50 feet outside the right of way when necessary); *Wylie*, 769 S.W.2d at 411; *El Dorado*, 344 S.W.2d at 344-45 (finding that a deed conveyed an easement where the deed granted the

railroad the right to affect land inside the right of way and "on either or both sides of said right of way").[2]  If the deed gives the railroad the right to affect material only outside the property granted, the court may infer that the deed conveyed a fee because "no such authority was necessary as to the use of those materials from within the lands conveyed." *Nature Conservancy*, 853 S.W.2d at 869 (citing *Coleman*, 745 S.W.2d at 624).

Fifth, substantial consideration suggests that a deed granted a fee.  *See Nature Conservancy*, 853 S.W.2d at 869 (citations omitted).  In this connection, the court must also take into account whether the stated consideration includes the benefits of the railroad.  *See Coleman*, 745 S.W.2d at 625.

Sixth, a deed which contains a habendum clause[3] or a warranty clause is more likely to have conveyed a fee.  *See Lynch v. Cypert*, 302 S.W.2d 284, 285 (Ark. 1957). The Arkansas Supreme Court has found that a deed "without habendum or warranty, is not that usually and customarily employed to transfer absolute title."  *Daugherty*, 252 S.W.2d at 548.

Seventh, the court must consider whether dower and homestead are renounced in the deed.  If dower and homestead are renounced, it is more likely that a fee was conveyed.  The Arkansas Supreme Court has found that "a right of way is an easement,

---

[2] The Arkansas Supreme Court has found that these clauses customarily extend to "construction and maintenance" of the railroad, which continues beyond the initial construction, so it does not matter if the railroad had been completed before the date of the deed.  *See Nature Conservancy*, 853 S.W.2d at 870.

[3] In the context of a deed, a "habendum clause" is ordinarily introduced with the words "to have and to hold" and "defines the extent of the interest being granted and any conditions affecting the grant."  Habendum Clause, Black's Law Dictionary (10th ed. 2014).

not a title, and it may be granted over a homestead without the concurrence of the wife." *Coleman*, 745 S.W.2d at 624 (citing *St. Louis & S.F. Ry. Co.*, 42 S.W. at 668).

Eighth, if the railroad already had an easement across the land, a fee is more likely to have been conveyed because there would have been "no discernable reason why the railroad would have negotiated for the conveyance of a easement it had already acquired." *See Nature Conservancy*, 853 S.W.2d at 870.

Finally, if the deed conveys land in addition to a right of way, the Arkansas courts have found that the deed likely conveyed a fee. *See Brewer*, 769 S.W.2d at 755. For example, in *Coleman*, 745 S.W.2d at 624-25, the conveyance of adjacent strips and "extra" land for a train depot site suggested a fee was conveyed.

Tested by these standards, plaintiffs argue that the Heim deed, the Addie Fountain deed, and the Adeline Fountain deed each conveyed an easement. In support of their position, plaintiffs argue first that each of the deeds in this case is entitled "Right of Way Deed," and that a right of way deed usually grants only an easement under Arkansas law. *See, e.g.*, *Olson*, 262 S.W.2d at 884 ("The first factor in determining the intent of the parties lies in the title, 'Deed of Right-Of-Way', of the deed in question."); *Brewer*, 769 S.W.2d at 756 (finding that "Right of Way" deeds conveyed easements).

Second, plaintiffs argue that the deeds at issue state that the express purpose of the deeds is to convey a right of way, indicating an intent to convey an easement rather than a fee. Specifically, the Heim deed states that each of the two strips of land granted were "for a right of way" and reiterates that the strips were "to be used as a right of way" by the railroad. The Heim deed also describes the two strips of land as rights of way. The

13

Addie Fountain deed and the Adeline Fountain deed each state, outside the granting language, that the strip of land was "to be used as a right of way" by the railroad.  While plaintiffs acknowledge that the words "right of way" appear outside the granting clause in the Addie Fountain and Adeline Fountain deeds, plaintiffs argue that the purpose of the deeds is nonetheless clear.

Third, plaintiffs argue that because each deed conveyed an interest in only a strip of land, the deeds only conveyed easements.  Specifically, the Heim deed granted a 70-foot-wide strip and a 60-foot-wide strip.  The Addie Fountain deed and the Adeline Fountain deed each granted a 100-foot-wide strip.  Plaintiffs assert that a deed conveys an easement when the shape of the tract "is peculiary suited to railway purposes and to little else." *Daugherty*, 252 S.W.2d at 548.

Fourth, plaintiffs highlight that each of the deeds at issue granted the railroad "a right to change water courses and to take stone, gravel and timber, and to borrow earth on said rights of way for the construction and maintenance of said railroad."  Plaintiffs argue that this is a critical factor in determining the intention of the parties in that the Arkansas Supreme Court has never found a fee where the deed allowed a railroad to affect material on the tract.  *See Brewer*, 769 S.W.2d at 756; *Wylie*, 769 S.W.2d at 411; *El Dorado*, 344 S.W.2d at 345; *Daugherty*, 252 S.W.2d at 548.  As the Arkansas courts have explained, if the railroad owns a fee the railroad would not need permission to use resources within the right of way.  *See, e.g.*, *Daugherty*, 252 S.W.2d at 548.

Finally, plaintiffs argue that none of the factors that weigh in favor of finding a fee outweigh the factors in plaintiffs' favor.  Plaintiffs acknowledge that the compensation

described in the deeds is not nominal.  The Heim deed stated consideration of $1,500.

The Addie Fountain deed stated consideration of $100 and the benefits from the

construction of the railroad.  The Adeline Fountain deed stated consideration of $400 and

benefits from construction of the railroad.  However, plaintiffs argue that the amounts

identified are still within the range of consideration that the Arkansas Supreme Court has

identified in deeds that conveyed easements.  Plaintiffs explain that in *Wylie v. Tull*, 769

S.W.2d at 411, the Arkansas Supreme Court found that two deeds stating consideration of

$1,500, issued around the same time as the subject deeds when railroad lines were being

built in Arkansas, conveyed easements.  In *Wylie*, the court recognized that

"consideration was clearly substantial rather than nominal" but found that the

consideration was not a dispositive factor "in view of the very narrow shape of the land

conveyed and the right to borrow earth which would have been unnecessary had the

grantor intended conveyance of a fee."  *Id.*  Plaintiffs argue that the factors discussed in

*Wylie* are present in the deeds in this case.  The Heim deed, the Addie Fountain deed, and

the Adeline Fountain deed identified more than nominal consideration but also granted

strips of land and gave the railroad the right to affect material on the tract.

Plaintiffs further argue that the presence of habendum and warranty clauses in the

deeds, which frequently appear in deeds conveying a fee, should not alter the conclusion

that the deeds conveyed easements.  The habendum clause in each deed stated: "To have

and to hold the same unto the said Missouri Pacific Railroad Company and unto its

successors and assigns forever, with all appurtenances thereunto belonging."  The

warranty clause in each deed stated that each grantor would "forever warrant and defend

the title to said rights of way against the claims of all persons whatsoever."  Plaintiffs explain that in *Olson*, 262 S.W.2d at 882-85, the Arkansas Supreme Court found that a deed which included the words "grant, bargain, sell, convey and confirm" and a habendum clause conveyed an easement because (1) the title of the deed was for a right of way ("Deed of Right-Of-Way"), (2) its stated purpose was for "constructing and maintaining a railroad thereon," and (3) the tract was for a strip of land.

With regard to the release of dower and homestead rights in the Heim deed,[4] plaintiffs argue that the release of dower is not controlling because the Arkansas Supreme Court has found in several cases that deeds containing a relinquishment of dower rights conveyed only easements.  *See Brewer*, 769 S.W.2d at 755; *Wylie*, 769 S.W.2d at 411-413; *El Dorado*, 344 S.W.2d at 344.

In response, the government argues that the court should find that a fee interest was conveyed to the railroad because of first, the amount of consideration paid, and second, the existence of habendum and warranty clauses.  The government contends that these factors should be dispositive.  Def.'s Mot. 1.

The government also argues that because the words "right of way" are outside the granting clause in the Addie Fountain deed and the Adeline Fountain deed, the term "simply describes the purposes of the conveyance and does not act to limit the nature of the 'strip of land' conveyed."  Therefore, the government argues, each of those deeds

---

[4] The Addie Fountain deed and the Adeline Fountain deed each indicate that the grantor was a widow.

conveyed a fee and not an easement.  Def.'s Mot. 15 (citing *Doak v. Smith*, 208 S.W.

765, 796 (Ark. 1919)); Def.'s Reply 2-4 (citing *Gibson v. Pickett*, 512 S.W.2d 532, 535-

37 (Ark. 1974)).

Lastly, the government argues that the release of dower and homestead rights in

the Heim deed shows that the deed conveyed a fee and not an easement.  Def.'s Mot. 14.

The government argues that the "clear implication" from the relinquishment of

homestead and dower rights in the Heim deed is that the parties intended to convey a fee

rather than an easement.  *See Coleman*, 745 S.W.2d at 624.

After reviewing the relevant Arkansas law and considering the parties' arguments,

the court agrees with plaintiffs that the three deeds at issue—the Heim deed, the Addie

Fountain deed, and the Adeline Fountain deed—conveyed easements, not fees, to the

railroad.  The court finds that (1) the title of each deed, (2) the stated purpose of

providing a right of way, (3) the shape of the tract, and (4) the rights authorized in each

deed to "change water courses and to take stone, gravel and timber, and to borrow earth"

on the rights of way all support plaintiffs' position that under Arkansas law the subject

deeds conveyed easements.  The court further agrees with plaintiffs that the amount of

consideration, the presence of habendum and warranty clauses, and the release of dower

and homestead rights in the deeds do not mandate a different conclusion.

First, a review of Arkansas precedent makes plain that the title of the deed is

significant in discerning the parties' intent.  *See Olson*, 262 S.W.2d at 884.  The only case

where the Arkansas Supreme Court held that "right of way" deeds conveyed fees was

where the original deeds were "quitclaim" deeds and were subsequently labeled "right of

way" deeds by the government clerk's office.  *See Coleman*, 745 S.W.2d at 624.  Here, there is no evidence to suggest that the titles of the deeds at issue were added or altered by the clerk's office.  Thus, the title of the deeds weighs in favor of finding an easement.

Second, the use of the words "right of way" to describe the purpose of the granted land also weighs in favor of finding that the deeds conveyed easements.  *See Brewer*, 769 S.W.2d at 756; *Olson*, 262 S.W.2d at 884; *Daugherty*, 252 S.W.2d at 547.  While in *Nature Conservancy*, 853 S.W.2d at 869-70, the Arkansas Supreme Court found that a right of way can be granted in fee, where, as here, the deeds clearly state that the strips of land are to be used for a right of way by a railroad and will not serve another purpose, the majority of Arkansas cases find that an easement was conveyed.[5]

Third, the court cannot ignore the undisputed facts that, as discussed above, each of the deeds in this case granted the railroad strips of land and "a right to change water courses and to take stone, gravel and timber, and to borrow earth on said rights of way for the construction and maintenance of said railroad."  Each of the deeds further provided that the stated consideration was compensation for property taken and damage done by reason of the location and construction of the railroad.  None of the deeds in this case gave the railroad the right to affect land outside the property granted or increase the width of the strip of land.  As plaintiffs point out, the Arkansas Supreme Court has never found

---

[5] The Arkansas Supreme Court has found that a deed "for [a] right of way" conveyed a fee only where it was accompanied by one deed that "included no words of limitation or purpose" and another deed that conveyed land for a right of way and for depot grounds.  *See Coleman*, 745 S.W.2d at 623-24.  Also, as discussed above, the deeds in *Coleman* were only labeled "right of way" by the clerk's office.  *Id.* at 624.  Those factors are not present here.

that a deed conveyed a fee where the deed allowed a railroad to affect material on the land granted. *See Brewer*, 769 S.W.2d at 756; *Wylie*, 769 S.W.2d at 411; *El Dorado*, 344 S.W.2d at 345; *Daugherty*, 252 S.W.2d at 548. Indeed, the Arkansas Supreme Court has found that a deed conveyed a fee where the deed only gave the railroad the right to increase the width of the tract and affect land outside the tract. *See Coleman*, 745 S.W.2d at 624. Therefore, these factors also indicate that the subject deeds granted only easements to the railroad.

Turning now to the government's contentions, the court finds that none of the government's arguments compel the court to find that fees were conveyed. The court agrees with plaintiffs that the amount of consideration, the presence of habendum and warranty clauses, and the release of dower in the Heim deed do not require a finding that fee interests were conveyed to the railroad. As plaintiffs argue, in *Wylie v. Tull*, 769 S.W.2d at 411, the Arkansas Supreme Court found that two deeds with consideration of $1,500 conveyed easements. The Arkansas Supreme Court recognized that "consideration was clearly substantial rather than nominal" but found that the consideration factor was not dispositive "in view of the very narrow shape of the land conveyed and the right to borrow earth which would have been unnecessary had the grantor intended conveyance of a fee." *Id.* The same reasoning applies in this case. While the Heim deed, the Addie Fountain deed, and the Adeline Fountain deed each listed substantial consideration, the deeds also granted only a strip of land, and gave the grantee railroad the right to affect material on the tract. Also, like the deed in *El Dorado*, 344 S.W.2d at 344, the deeds at issue here provided that the non-nominal consideration

was compensation for property taken and damage due to the location and construction of the railroad.

As for the presence of habendum and warranty clauses in the deeds, the court again agrees with plaintiffs that these clauses do not compel the court to find that a fee interest was conveyed.  In *Olson*, 262 S.W.2d at 882-85, the Arkansas Supreme Court found that a deed which included the words "grant, bargain, sell, convey and confirm" and a habendum clause conveyed an easement, based on the title of the deed ("Deed of Right-Of-Way"), its stated purpose for "constructing and maintaining a railroad thereon," nominal consideration, and the shape of the 100-foot-wide strip conveyed.  While the court has not found an Arkansas case entirely on point with this one, the court notes that in *Olson*, 262 S.W.2d at 884, the Arkansas Supreme Court cited *Sherman v. Petroleum Exploration*, 132 S.W.2d 768, 772 (Ky. 1939) with approval.  In *Sherman*, 132 S.W.2d at 772, the Kentucky Court of Appeals found that a deed with a habendum clause and warranty clause conveyed an easement.  The *Sherman* court stated that "there may be and often is a warranty of title to an easement, and the easement, together with all its incidences or appurtenances, may be granted in perpetuity."  *Id.*

The court also finds that the government's reliance on *Lynch v. Cypert*, 302 S.W.2d at 285, and *Nature Conservancy*, 853 S.W.2d at 870, to suggest that a deed with a habendum clause can only convey a fee is misplaced.  The deed at issue in *Lynch*, 302 S.W.2d at 285, was a warranty deed that conveyed land on either side of an existing easement "for depot grounds."  In such circumstance, the deed was not for a "right of way."  *Id.*  Indeed, the *Lynch* court noted that the land at issue was adjacent to an existing

easement which had been conveyed the previous year by the same grantor "for the actual construction, use, maintenance and operation of said railroad." *Id.* at 284-85. In *Nature Conservancy*, 853 S.W.2d at 870, the court found that the railroad had already acquired a broader easement across the grantor's land pursuant to statutory authority. In such circumstance, the court found that there was "no discernable reason why the railroad would have negotiated for the conveyance of a[n] easement it had already acquired." *Id.* The facts of this case are plainly different.

Lastly, the court finds that the relinquishment of dower and homestead in the Heim deed does not compel the government's reading of the deed. While the relinquishment of dower and homestead may weigh in favor of finding conveyance of a fee, *see Nature Conservancy*, 853 S.W.2d at 870, it is by no means dispositive. As discussed above, in *Brewer*, 769 S.W.2d at 755, *Wylie*, 769 S.W.2d at 411-413, and *El Dorado*, 344 S.W.2d at 344, the Arkansas Supreme Court found that deeds which released dower rights nonetheless conveyed easements.

Having considered the factors identified by the Arkansas Supreme Court and "the four corners of the deeds," *Brewer*, 769 S.W.2d at 756, the court finds that the Heim deed, the Addie Fountain deed, and the Adeline Fountain deed conveyed easements to the Missouri Pacific Railroad Company.

## IV.    CONCLUSION

For the reasons discussed above, plaintiffs' motion for partial summary judgment is **GRANTED**. The government's cross-motion for partial summary judgment is

**DENIED**.  By **January 17, 2017**, the parties shall file a joint status report with a

proposed schedule for resolving this case.

   **IT IS SO ORDERED.**


                                              s/Nancy B. Firestone
                                              NANCY B. FIRESTONE
                                              Senior Judge